## HAMMOND v. TUTTLE.

TRESPASS — DEFENSES — PARTITION FENCE — INSTRUCTION—AGREE-
MENTS.

> Where the holder of a tax title on land subsequently con-
> veyed to plaintiff agreed with defendant, an adjoining owner,
> that he would build his share of a partition fence "when his
> tax title was cleared up," but such title was subsequently
> declared void, the holder's failure to build any part of the
> fence was no defense to an action by plaintiff, the grantee of
> the owner, to recover for damages caused by the trespass of
> defendant's sheep.

Error to Ingham; Wiest, J.  Submitted April 6, 1905.
(Docket No. 34.)  Decided April 21, 1905.

Trespass quare clausum fregit by Carmi Hammond
against Andrew Tuttle.  There was judgment for plaintiff,
and defendant brings error.  Affirmed.

Plaintiff and defendant are farmers owning adjoining
farms.  Defendant's sheep trespassed upon plaintiff's
lands, injuring his corn, for which he brought suit and re-
covered a small judgment in the justice and circuit courts.
The defense is that defendant and a former occupier of
plaintiff's land, claiming under a tax title subsequently
found to be void, made an agreement dividing the fence;
that defendant had built his half; and that neither the
former occupier nor plaintiff had built the other one-half.
The court held that the former occupier of plaintiff's land
had no authority to make a contract binding upon the
plaintiff, and that no valid agreement was made for the
partition of the division fence, and left to the jury the two
questions: (1) Did the defendant's sheep commit the
trespass? (2) If so, what was the damage?

*W. T. Webb* and *Jason E. Nichols*, for appellant.

*W. F. Danes*, *Q. A. Smith*, and *O. J. Hood*, for ap-
pellee.

GRANT, J. (*after stating the facts*).  The sole question arises upon the ruling of the court below.  Whether the alleged parol agreement is valid under 1 Comp. Laws, § 2431, which requires the division of a line fence between unimproved lands to be in writing, and whether one in possession of land under a tax title, the validity of which is in dispute before the auditor general, and which is afterwards held to be invalid, is in position to make a contract for the division of a line fence binding upon the then owner in fee, and subsequent grantees, we need not determine. The testimony of the plaintiff himself shows that the agreement relied upon was not absolute, but was conditional upon the tax title being held valid.  Defendant testified that the tax-title owner said :

"When this thing was settled up [the validity of the tax title], he would go on and build his part of the fence. I suppose he meant when his tax-title claim was cleared up."

He further testified that the tax-title holder did not agree to build it at that time (the time of the alleged agreement), and that he did not positively agree to do it at any other time.  The tax-title claimant testified that he did not recollect any positive agreement.  Under this evidence, there was no agreement binding upon the plaintiff's grantors or upon himself.

The judgment is affirmed.

CARPENTER, MCALVAY, MONTGOMERY, and HOOKER, JJ., concurred.